**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CAUSE NO. 4:13CV245 |
| | § | |
| ANTHONY SPENCE | § | |
| AND/OR ALL OTHER OCCUPANTS, | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Having reviewed the record in this case, the Court finds that Plaintiff's Motion to Remand (Dkt. 4) should be GRANTED and this matter should be REMANDED.

### BACKGROUND

This is a removal filed by a *pro se* Defendant. The following dates are clear from the materials filed. This forcible detainer suit was originally filed by Plaintiff in the Justice of the Peace Court, Precinct 2, Denton County on January 31, 2013, seeking possession of the Property located at 8253 Nicholson Drive, Frisco, Texas 75034. *See* Dkt. 1-3, Page ID #11. It appears that Defendant was served with the forcible detainer action on February 6, 2013. See Dkt. 1-2, Page ID #9. Then, on April 30, 2013, Defendant removed the matter to this Court, citing both diversity jurisdiction and federal question subject matter jurisdiction under 28 U.S.C. § 1443's provisions on civil rights. As set forth below, the Court finds that the case should be remanded.

STANDARD

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b).  A court is required to strictly construe the removal statute in favor of remand and against removal.  28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).  Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  When there is no subject-matter jurisdiction, remand is mandatory.  28 U.S.C. § 1447(c).

ANALYSIS

Defendant's removal fails for various reasons, and remand is mandatory here.  First, it appears that Defendant's removal was not made within 30 days of receipt by the Defendant of the initial pleading setting forth a claim for relief as required by 28 U.S.C. § 1446(b).  According to the citation, the original petition in the removed case was served on Defendant on February 6, 2013.  Dkt. 1-1, PageID #9.  The case was not removed until more than 80 days later.  There is nothing that would indicate that the parties' diversity was not apparent on the face of Plaintiff's original petition.  Even under Defendant's theory of diversity jurisdiction, the removal was not timely.

Also, Defendant's removal is barred by 28 U.S.C. § 1441(b) and the "forum defendant rule."  Section 1441(b) states, in part, that a case removed on diversity may only be removed "if none of

2

the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  As indicated by his address for service here as well as the fact that the underlying suit seeks eviction from a Denton County property, Defendant is a Texas resident.

More importantly, even if the removal was timely or not waived or procedurally or otherwise defective, there does not appear to be any valid basis for federal jurisdiction here.  Defendant removed this case citing both diversity jurisdiction and federal question subject matter jurisdiction under 28 U.S.C. § 1443's provisions on civil rights.  Neither are present here.

Suits are removed on the basis of diversity jurisdiction when the suit involves a controversy between citizens of different states *and* the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  While there may be diversity of citizenship between the parties here, Defendant has not shown that the amount in controversy exceeds $75,000, and it is Defendant's burden to make such a showing.  *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).  A forcible detainer action only seeks *possession* of property.  Ownership of the home is not a matter in controversy in an eviction suit.  As one Texas Court of Appeals noted:

> The primary object of a [forcible entry and detainer or forcible detainer] suit is a recovery of possession.  The primary issue is a right to possession.  There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court.  Rule 738, Texas Rules of Civil Procedure.  However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.

*Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also*

*Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value.").  Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law.  *See* TEX. PROP. CODE ANN. § 24.001, *et seq.*

That Defendant chooses to construe the suit as a violation of his civil rights also does not confer subject matter jurisdiction.  *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 -327 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." ) (internal quotations omitted).  The Court is governed by the state court complaint alone, and it states no claims that would give rise to federal question jurisdiction.

Defendant has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  He has not done so, and given the record here, cannot do so.  Removal was improper and the case must be remanded.

### Recommendation

It is, therefore, recommended that Plaintiff's Motion to Remand (Dkt. 4) be GRANTED and this case be remanded to the Justice of the Peace Court, Precinct 2, Denton County, Texas for further

proceedings.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of May, 2013.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE